By the Court, Cowen, J.
There is scarcely any thing in this case calling for remark, except the point made as to the form of the declaration. No doubt debt was a proper action. The sum due being certain, debt was concurrent with covenant. The payment being, however, secured by a covenant under the seal of the lessee, no room was left for treating the contract as a simple one, express or implied, to pay for use and occupation. Had the action been directly against the lessee, this would have been very obvious. The action for use and occupation is given by 1 R. S. 739, § 26, 2d ed., which excepts the case of rent reserved by deed. The assignee comes into the place of the lessee, in respect to liabilities as well as rights. It might not indeed have been necessary to set forth or make proferí of the deed. The general necessity for this, in an action upon the deed, is dispensed with as between landlord and lessee in debt for rent; and I suppose, by parity, it would be where the action is against the assignee. This however does not excuse the necessity of setting out the demise according to its legal effect; though you may omit all allusion to the seal, as in 2 Chit. Pl. 430, 1, Am. ed. of 1840. The whole subject is there treated in the notes.
The judge being correct, therefore, in holding that the evidence of the demise was inapplicable to the counts for use and occupation, was he right in deciding that the plaintiffs were entitled to recover under the count upon the insimul computassent ? The cases collected in 1 Leigh’s N. P., 100, 1, are very full to the point that he was; and it is no objection to the evidence of an accounting, that the rent was secured by specialty. (Mora *490 via v. Levy, 2 T. R. 483, note (a); Buller, J in Foster v. Allanson, id. 482, 3.)
Various exceptions were taken at the trial to which we have not particularly alluded. It is enough to say we felt quite clear from the time they were mentioned that they could not he sustained.
New trial denied.